FILED

11 APR 15 AM 10: 25

[CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA]

BY: 

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK LAVAN JACKSON, aka LORD DL MASTERS<br><br>Petitioner,<br><br>v.<br><br>CITY AND COUNTY OF SAN DIEGO, et al.,<br><br>Respondent. | Civil No.   11-0614 BEN (CAB)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a document titled "Affidavit of Indigency and Motion to Proceed In Forma Pauperis 28 U.S.C. § 1915". [Doc. Nos. 1, 2.]

## FAILURE TO SATISFY FILING FEE REQUIREMENT

The request to proceed in forma pauperis is denied because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison Certificate.

# FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). See <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).

Here, Petitioner claims that the Sheriff's Department illegally removed him from his home at 2584 #2 Comstock Street because the address on the Removal Order was 2584 Comstock Street, and did not specify an apartment number. (Pet. at 1-2.) Although Petitioner asserts his rights under the Fourth Amendment have been violated, he is not challenging a state court conviction or sentence. (Pet. at 1.)

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. See 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court judicial

1  remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights
2  have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned:
3  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal
4  rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the</u>
5  <u>United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas
6  petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the <u>due</u>
7  <u>process of law guaranteed by the Fourteenth Amendment</u>, he must say so, not only in federal
8  court, but in state court." <u>Id.</u> (emphasis added).

9  Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective
10 Death Penalty Act of 1996 (Act), signed into law on April 24, 1996, a one-year period of
11 limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant
12 to the judgment of a State court. The limitation period shall run from the latest of:

13          (A) the date on which the judgment became final by the
            conclusion of direct review or the expiration of the time for seeking
14          such review;

15          (B) the date on which the impediment to filing an application
            created by State action in violation of the Constitution or laws of the
16          United States is removed, if the applicant was prevented from filing
            by such State action;
17
            (C) the date on which the constitutional right asserted was
18          initially recognized by the Supreme Court, if the right has been
            newly recognized by the Supreme Court and made retroactively
19          applicable to cases on collateral review; or

20          (D) the date on which the factual predicate of the claim or
            claims presented could have been discovered through the exercise
21          of due diligence.

22 28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 2002).

23      The Court also notes that the statute of limitations does not run while a properly filed <u>state</u>
24 habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003,
25 1006 (9th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1104 (2000). But see <u>Artuz v. Bennett</u>, 531 U.S. 4,
26 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by
27 the appropriate court officer for placement into the record] are in compliance with the applicable
28 laws and rules governing filings."). However, absent some other basis for tolling, the statute of

limitations does run while a <u>federal</u> habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

### FAILURE TO USE PROPER FORM

Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. <u>See</u> Rule 2(c), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Presently, Petitioner has submitted an application for writ of habeas corpus on a non-approved form.

### CONCLUSION AND ORDER

Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice for Petitioner's failure to satisfy the filing fee requirement, state a cognizable federal claim, and use a court-approved form. To have the case reopened, Petitioner must, **no later than June 14, 2011**, provide the Court with: (1) a copy of this Order together with the $5.00 filing fee; or (2) a copy of this Order together with adequate proof that Petitioner cannot pay the $5.00 filing fee **AND** a First Amended Petition which cures the pleading deficiencies noted above. *The Clerk of Court is directed to send Petitioner a blank Application to Proceed In Forma Pauperis and blank First Amended Petition form, along with a copy of this Order.*

**IT IS SO ORDERED.**

DATED: 4/13/2011

Roger T. Benitez
United States District Judge